```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


FIRST HAND COMMUNICATIONS, LLC )
     et al.,                   )
                               )
     Plaintiff,                )
                               )
         v.                    )   1:05cv1281 (JCC)
                               )
BEJMAMIN W. SCHWALBACH, et al. )
     et al.,                   )
                               )
     Defendant.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendants' motion for summary judgment, Defendants' motion for partial summary judgment on their counter-claims, and Plaintiff and Counter-defendant's motion for summary judgment on a counter-claim. For the reasons stated below, the Court will grant in part and deny in part Defendant Schwalbach's motion for summary judgment on the original Complaint, deny Defendants Schwalbach and DeFrieze's motion for partial summary judgment on the counter-claims, and deny Plaintiff First Hand and Counter-defendant Carleton's motion for partial summary judgment.

### I. Background

This case arises out of an intense factual dispute among three people and their relationship to a Limited Liability

-1-

Company by the name of First Hand Communications ("First Hand"). Originally started by Richard M. Carleton ("Carleton") and, to a disputed extent, Benjamin W. Schwalbach ("Schwalbach"), First Hand Communications, LLC is a Virginia business that provides information technology network support to United States Army subcontractors in Germany and other parts of Europe.  Schwalbach was granted power of attorney to expand the LLC's operations in Europe.  Plaintiff First Hand claims that Schwalbach abused this power of attorney to act on behalf of First Hand as it attempted to set up a German branch office and bank account.  According to Plaintiff, Schwalbach recruited Alice E. DeFrieze ("DeFrieze") to join the LLC while he refused in bad faith to become a member himself.  Together, Defendants Schwalbach and Defrieze opened a bank account in their own names rather than on behalf of First Hand and deposited funds invoiced to First Hand from overseas contracts.  Upon request, Schwalbach refused to provide any bank statements or accounting documents to Carleton, despite having been made well aware that First Hand needed to handle accounting properly to attract investments and obtain GSA status. Additionally, Schwalbach allegedly made statements damaging the integrity of First Hand, embezzled funds, and solicited business for himself in competition of First Hand.  Carleton revoked Schwalbach's power of attorney and initiated legal proceedings against him in Germany and in the United States.  In its

Complaint, First Hand alleged six counts against Defendant Schwalbach: Abuse of Power of Attorney (Count I), Embezzlement (Count II); Slander (Count III); Libel (Count IV); Intentional Interference with Prospective Business Relations (Count V); and Accounting (Count VI).

Defendants view the facts as largely different. In response to First Hand's claims, Schwalbach joined DeFrieze and and filed counter-claims against First Hand and Carleton. Schwalbach and DeFrieze contend that they were properly conducting business in Europe on behalf of First Hand as contemplated by the agreement, and were wrongfully ejected. The counter-complaint claims nine counts against First Hand and Carleton: Breach of Fiduciary Duty (Count I); Breach of Contract (Count II); Declaration of Rights (Count III); Dissolution (Count IV); Accounting (Count V); Constructive Trust (Count VI); Civil Conspiracy (Count VII); Violation of Trade Secrets (Count VIII); and Injunctive Relief (Count IX).

The matters now before the Court are: (1) Defendant Schwalbach's motion for summary judgment of all six claims against him; (2) Defendant Schwalbach and DeFrieze's motion for partial summary judgment on their claims of Breach of Fiduciary Duty, Declaration of Rights and Dissolution, and Constructive Trust; and (3) Plaintiff First Hand and Co-Defendant Carleton's

motion for summary judgment as to Defendants' counter-claim of Civil Conspiracy.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations omitted). In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).

The very existence of a scintilla of evidence or unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment. *Anderson*, 477 U.S. at 248-52. Rather, the Court must determine whether the record as a whole could lead a reasonable trier of fact to find for the non-movant. *Id.* at 248.

## III. Defendant Schwalbach's Motion for Summary Judgment

This Court will first address Defendant Schwalbach's motion for summary judgment as to the six claims originally filed

against him: Abuse of Power of Attorney (Count I), Embezzlement (Count II), Slander (Count III), Libel (Count IV), Intentional Interference with Prospective Business Relations (Count V), and an Accounting (Count VI).  Plaintiff First Hand does not oppose summary judgment as to Slander, Libel, and Intentional Interference with Prospective Business Relations, and accordingly, summary judgment as to Counts III, IV, and V will be granted.

### A.  Counts I - Abuse of Power of Attorney

For Count I, Plaintiff claims an "abuse of power of attorney"--a cause of action that does not exist under Virginia law.  In its opposition and at oral argument, Plaintiff attempts to claim that Count I is instead a claim for "breach of fiduciary duty."  Plaintiff makes this claim despite the facts that (1) "fiduciary duty" is nowhere mentioned in the complaint, only "power of attorney"; (2) the complaint was filed in November 5, 2005, and Plaintiff now attempts to change it over one year later and four weeks from trial; and (3) all discovery has been completed by both sides.

Allowing Plaintiff to amend Count I at this point in the litigation, over one year since being filed, only four weeks until trial, and after all discovery has been completed, would clearly prejudice the opposing parties.  Defendants were never put on notice of this claim until now, and this Court disagrees

with Plaintiff's contention that "abuse of power of attorney" is the precisely the same as a claim of a breach of fiduciary duty.[1]

Therefore, the Court will dismiss Count I for failure to state a claim upon which relief can be granted.

### B.  Count II - Embezzlement

For Count II, Plaintiff claims embezzlement, which also is not a cause of action under Virginia law, but sought to amend it to a "conversion" claim at oral argument.  Conversion, which is a cause of action under Virginia law, is "any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession."  *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 75 (Va. 1956).  The elements of conversion are sufficiently similar to a claim of "embezzlement" and Plaintiff has pleaded adequate facts to survive a motion to dismiss.  Therefore, Count II will be amended to a count of "conversion" and will not be dismissed.

### C.  Count VI - Accounting

Both Plaintiff and Defendants request an accounting, however they disagree on who should pay for it.  Whether an accounting is appropriate cannot be decided until a judgment has

---

[1] Plaintiff claims that it also was never given notice of the Complaint's insufficiency.  Such notice is completely unnecessary.  At a bare minimum, a plaintiff is responsible for conducting preliminary research to discover whether a cause of action exists under a jurisdiction.  A quick search of Virginia precedent would have quickly revealed that no such cause of action exists under Virginia law.

been granted in favor of a party.  Thus, the issues regarding this potential accounting are best reserved for trial.  The motion for summary judgment for an accounting will be denied.

### IV.  Defendants Schwalbach and DeFrieze's Motion for Partial Summary Judgment

Next, this Court will address the motion for partial summary judgment filed by Defendants Schwalbach and DeFrieze with respect to their counter-claims.  Specifically, Defendants seek summary judgment as to a Declaration of Rights and Dissolution (Counts III and IV), a Breach of Fiduciary Duty (Count I), and Constructive Trust (Count VI).

### A. Declaration of Rights and Dissolution - Counts III and IV

Defendants Schwalbach and DeFrieze move the Court to declare that they are members of First Hand Communications, LLC. In the alternative, Schwalbach and DeFrieze allege for this Court to declare that First Hand is not an LLC, but instead a partnership of which they are members.  Upon a declaration that they are members of the LLC or partners, Defendants further ask this Court to order dissolution of First Hand Communications.

It is undisputed that First Hand Communications was established as a Virginia Limited Liability Company, however, it is hardly undisputed as to whether Schwalbach and DeFrieze are members or ever were members of this LLC.  As to Schwalbach, he contends that he agreed with Carleton to become a member of the LLC, but was never added as a member.  Carleton, on the other

-7-

hand, contends that Schwalbach refused to become a member of the LLC in bad faith.  Regardless of which version of events this Court finds credible, Schwalbach concedes that he was never formally a member of the LLC.  This fact alone prohibits the Court from drawing the contrary conclusion that no reasonable jury could conclude that he was not a member of First Hand Communications, LLC.  Accordingly, a genuine issue of material fact exists as to Schwalbach's rights in the LLC, and summary judgment will be denied.

A clear dispute of material fact also exists as to DeFrieze's rights in the LLC.  Plaintiff never contests the issue that DeFrieze was a member of the LLC, but the dispute arises as to how her relationship ended.  DeFrieze contends that she was wrongfully ejected, but Plaintiff has provided evidence that she voluntarily ended her relationship with the LLC, thereby waiving her claim that she is a member.  These disputed circumstances surrounding the termination of her relationship with First Hand Communications, LLC are material to determining DeFrieze's rights in the LLC, and can only be established at trial.  Until then, this Court cannot conclude that no genuine issue exists as to DeFrieze's rights in the LLC, and as such, summary judgment will be denied as to DeFrieze.  Therefore, Defendant Schwalbach and DeFrieze's motion for summary judgment as to Count III will be denied.

Since this Court has concluded that a genuine issue of material fact exists as to Schwalbach and DeFrieze's rights in the LLC, a Court-ordered dissolution of the LLC is not appropriate, and summary judgment as to Count IV will be denied.

### B.  **Breach of Fiduciary Duty - Count I**

Defendants Schwalbach and DeFrieze seek partial summary judgment as to three allegations from the Complaint's Breach of Fiduciary Duty claim.  Specifically, summary judgment is only sought as to the allegations in Paragraph 2, 6, and 8, stating that Carleton breached his fiduciary duty to them:

> (2) by denying them the right to participate in the management and conduct of the business; . . . (6) by wrongfully taking money belonging to the business and to them and converting it to his own use or the use of others; . . . (8) by expropriating and attempting to expropriate the business of First Hand Communications to his own use and that of others.

(Counter-complaint, ¶ 38).

Defendants provide very little argument why this Court should grant summary judgment as to these allegations. Defendants' brief accurately explains what portions of Count I for which they seek summary judgment, and then argues that a fiduciary relationship existed between Carleton and the Defendants.  This Court is willing to assume *arguendo* the existence of a fiduciary relationship, however, that alone is hardly enough to achieve summary judgment on a claim for breach

-9-

of fiduciary duty.  After this assumption, Defendants only argue that summary judgment is appropriate on three accounts:

> (1) Carleton wrongfully ejected them from the partnership; (2) Carleton made unauthorized payments to and on behalf of himself in the amount of $256,075.08; and (3) Carleton expropriated the business judgment of First Hand to himself.  The evidence supporting those contentions is undisputed.

(Def.'s Mem., 20).

Essentially, Defendants request summary judgment based upon three conclusory statements repeating their allegations in the Complaint, and one final statement that the supporting evidence is undisputed.  In supporting a motion for summary judgment, the moving party has the burden of showing--"that is, pointing out to the district court--that there is an absence of evidence to support the non-moving party's case" or that there is no genuine dispute as to a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317-325 (1986).  Taken together, these three conclusory statements without citation followed by "the evidence supporting those contentions is undisputed" falls far short of "pointing out" an absence of evidence to support the non-moving party's case or that there is no issue of material fact.  Therefore, summary judgment will be denied.[2]

---

[2] Even if Defendants had provided sufficient support to shift the burden to the non-moving party, Plaintiff has provided sufficient evidence (discussed in Section IV.A) to demonstrate a dispute as to the material facts of whether Schwalbach was ever a part of the LLC (and thus, whether he was owed any fiduciary relationship) and whether DeFrieze was wrongfully ejected or left voluntarily.  Again, assuming a fiduciary relationship, Plaintiff has provided

### C. Constructive Trust - Count VI

Defendants' motion for summary judgment to impose a constructive trust is based upon the conclusion that it is undisputed that Plaintiff breached his fiduciary duty. Since the Court disagrees with such conclusion, summary judgment to impose a constructive trust is improper, and will be denied.

### V. Plaintiff First Hand and Counter-Defendant Carleton's Motion for Partial Summary Judgment as to Counter-claimaints' Civil Conspiracy Claim

In Schwalbach and DeFrieze's counter-claim, they allege that First Hand and Carleton should be held liable for civil conspiracy under Virginia common law. In response, Plaintiff First Hand and Counter-defendant Carleton seek to have this claim dismissed for failure to state a claim, and in the alternative, summary judgment.

"A common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by criminal or unlawful means." *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836 (4th Cir. 2004)(citing *Commercial Business Sys. V. Bellsouth Servs.*, 249 Va. 39, 48 (Va. 1995)). To recover under this theory, a plaintiff must first allege that a defendant and his co-conspirators combined together to effect a

---

sufficient evidence that his business decisions were protected by the business judgment rule, while Defendants have not provided any evidence or argument to the contrary. Va. Code. § 13.1-1024.1

-11-

"preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy." *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC*, 261 F.Supp.2d 483, 499 (E.D. Va. 2003)(citing *Bull v. LogEtronics, Inc.*, 323 F.Supp 115, 131 (E.D. Va. 1971)(citations omitted)). Consequently, to survive a motion to dismiss, Counter-claimants Schwalbach and DeFrieze must at least plead the requisite concert of action and unity of purpose in more than mere conclusory language. *Bay Tobacco,* 261 F.Supp.2d at 499(citing *Lewis v. Gupta*, 54 F.Supp.2d 611, 618 (E.D. Va. 1999)(citations omitted)).

Counter-claimants Schwalbach and DeFrieze fail to allege the required elements of a conspiracy and fail to provide sufficient particularity beyond "mere conclusory language." Specifically, Schwalbach and DeFrieze allege that Carleton conspired with others to expropriate to himself the business of First Hand by (i) working together in the scheme; (ii) participating in an unlawful scheme to deny Schwalbach and DeFrieze their interest in the business of First Hand; and (iii) causing injury to them. (Counterclaim, ¶ 21). Counter-claimants provide hardly anything more. In direct conflict with the guidance from *Bay Tobacco,* they fail to aver any concerted action or preconceived plan, but instead ambiguously plead a conspiracy of "working together in a scheme." This alone is sufficient to dismiss the claim.

-12-

Additionally, however, counter-claimants failed to plead any of the elements with the requisite particularity and assert only mere conclusory statements.  For example, counter-claimants only mention a "scheme," but do not provide any detail as to what constituted the scheme.  Counter-claimants aver that this scheme was "unlawful" but they do not provide any description as to how it is unlawful.  Finally, they allege that the conspiracy caused injury, but provide no detail as to what type or to what extent injury occurred.  From these allegations in the complaint, First Hand and Carleton are given effectively no notice of what actions constitute the alleged conspiracy and cannot mount a meaningful defense.  Therefore, the civil conspiracy counter-claim (Count VII) must be dismissed.  To hold otherwise would mean that any plaintiff could reach summary judgment on a civil conspiracy claim by mere assertion that "Defendant conspired with others in an unlawful scheme that caused injury."  This outcome is unacceptable and contrary to the civil conspiracy jurisprudence.

For these reasons, the Court will grant Plaintiff First Hand and Counter-defendant Carleton's motion to dismiss the civil conspiracy claim (Count VII) for failure to state a claim upon which relief can be granted.

**VI.  Conclusion**

For the foregoing reasons, the Court will dismiss Count I of the original Complaint and Count VII of the Counter-complaint, grant Defendant Schwalbach's motion for summary judgment as to Counts III (Slander), IV (Libel), and V (Intentional Interference with Prospective Business), deny Defendant Schwalbach's motion for summary judgment as to the remaining counts, and deny Defendants Schwalbach and DeFrieze's motion for partial summary judgment on the counter-claims.

An appropriate Order will issue.

December 4th, 2006                 _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE